No. 125
### CRANE v. WARD et
Ohio Appeals, 6th Dist., Lucas Co.
No. 1697. Decided Dec. 8, 1926.

Judges Warden, Crow, & Hughes, 3rd Dist., sitting.

**415. DOMESTIC RELATIONS**—Where an agreement is entered into between alleged husband and wife, he at the time of this pretended marriage having been already lawfully married, for the purpose to settle between them certain property rights; and money is deposited with a third person to hold and turn over to said wife when she procures an absolute divorce in a contemplated divorce action; and the husband dies before this action is commenced, said wife is not entitled to recover said money in the hands of the third person, for she has no rights in his property where no steps were taken to accomplish the requirements under the terms of the agreement.

First Publication of this Opinion

HUGHES, J.

In March, 1919, there was pending in the Lucas Common Pleas an action brought by Julia Ward against Willet Ward in which she had procured a restraining order holding certain property, stock and money of the defendant Willet Ward from being disposed of or incumbered.

The prayer of her petition was for alimony, while the cross-petition of the defendant was for divorce and alimony. Other defendants were brought in by reason of some interest in the property held by the restraining order.

On March 31, 1919, the parties made an agreement, disposing of the pending case, which agreement in substance provided that Willet Ward turn over to R. B. Crane a deed, stocks and money to be delivered to Julia Crane in the event of an absolute divorce being granted, to her. It was agreed that she be barred from any rights or claim; and that in case of death of either party during the pendency of the contemplated divorce action the rights of either party to inherit from the other were not to be impaired.

After execution of the agreement, the suit in the Common Pleas Court was dismissed without prejudice. No new action for divorce was started by Julia Ward against Willet Ward before his death in 1923. Crane, because of conflicting demands and claims of defendants in this case, brought this action of interpleader. The Court of Appeals held:

1. It developed that Willet Ward was at the time of his pretended marriage to Julia, already lawfully married to Mary Ward.

2. The question presented is whether or not Julia Ward, whose marriage to Willet Ward was totally void, is entitled to $800 now in the hands of R. B. Crane, this being the only property mentioned in the agreement

over which there is any controversy, or whether it must go to the administrator of Willet Ward's estate.

3. It would seem that Julia Ward can make no claim to any part of this money if it is conceded that it is still a part of the estate of Willet Ward, deceased, for she has no rights to his property upon his death by virtue of their pretended marital relations. 5 OS. 324.

4. Had she brought an action for divorce and had her marriage been annuled, it would have been competent for the court to also decree reasonable alimony to her out of his property. 19 OS. 588.

5. There is only one provision in the contract that requires the payment over of this money to Julia Ward, and that is the granting of an absolute divorce to her in a future suit by her to be commenced.

6. It is urged that it was expressly understood and agreed that nothing in the entire contract should be construed as an agreement to obtain a divorce; but that the purpose was to settle between parties, property rights and questions other than the question of divorce.

7. While this may be true, the last paragraph of the contract provides for the contingency of death pending the contemplated divorce action, not, however, by requiring the money to be paid to Julia, but reciting that the rights of either party to inherit shall not be impaired.

8. Inasmuch as Julia Ward took no steps to of the agreement and did not bring her action accomplish the requirements under the terms for divorce and did not procure a final decree, she cannot now lay claim to any portion of the estate of Willet Ward, deceased.

9. Equity follows the law and the finding is in favor of the administrators and heirs of Willet Ward and against Julia Ward.

Decree accordingly.

(Warden, J., concurs; Crow, J., dissents.)

Attorneys—Silas E. Hurin for defendant, Mary L. Ward; S. S. Burtsfield for defendant, Julia G. Ward; all of Toledo.